**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|                              |   |                          |
|------------------------------|---|--------------------------|
|                              | : |                          |
|                              | : |                          |
| DEVON A. JONES,              | : | PRISONER HABEAS CORPUS   |
| Inmate No. 57734-019,        | : | 28 U.S.C. § 2241         |
|                              | : |                          |
| Petitioner,                  | : |                          |
|                              | : |                          |
| v.                           | : |                          |
|                              | : | CIVIL ACTION NO.         |
| MICHAEL ZENK, Warden,        | : | 1:06-CV-2594-RWS-GGB     |
|                              | : |                          |
| Respondent.                  | : |                          |

## ORDER

Petitioner, DeVon A. Jones, an inmate at the Atlanta Federal Prison Camp in Atlanta, GA, brought this habeas action pursuant to 28 U.S.C. § 2241 challenging a Federal Bureau of Prisons ("BOP") regulation that prohibits the placement of inmates in home confinement or Residential Reentry Centers ("RRCs") prior to the later of the final 10% of the prisoner's total sentence or the final six months of the prisoner's sentence. See 28 C.F.R. § 570.21. By Order dated July 6, 2007 [12], this Court granted Petitioner's habeas petition, concluding, among other things, that Petitioner's failure to exhaust administrative remedies was judicially waived for futility, and the regulation

Petitioner challenged, 28 C.F.R. § 570.21(a), is invalid under <u>Chevron U.S.A.</u>
<u>Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 842, 104 S. Ct. 2778, 81
L. Ed. 2d 694 (1984), because it is based on an impermissible construction of
18 U.S.C. § 3421(b).  Accordingly, the Court enjoined further enforcement of
28 C.F.R. § 570.21(a) and ordered Respondent to consider Petitioner for
placement in a Residential Reentry Center by applying the five factors listed in
18 U.S.C. § 3421(b).  (<u>See</u> Order of Jul. 6, 2007 [12] at 52.)

This case comes before the Court on Respondent's Motion for
Reconsideration [10], which this Courts construes, in part, as a Motion for
Clarification.  For the reasons that follow, the Court declines to reconsider its
Order of July 6, 2007, but clarifies that the injunction issued in this case is
limited in scope to Respondent's conduct towards Petitioner.

Under the Local Rules of this Court, "[m]otions for reconsideration shall
not be filed as a matter of routine practice[,]" but rather only when "absolutely
necessary."  LR 7.2(E), NDGa.  Such absolute necessity arises where there is
"(1) newly discovered evidence; (2) an intervening development or change in
controlling law; or (3) a need to correct a clear error of law or fact."  <u>Bryan v.</u>
<u>Murphy</u>, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

2

Motions for reconsideration may not be used as a vehicle to "repackage familiar arguments to test whether the court will change its mind." Bryan, 246 F. Supp. 2d at 1259.  Likewise, such motions "may not be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).

Respondent seeks reconsideration of the Court's Order of July 6, 2007, on two grounds.  First, Respondent requests that this Court reconsider its decision to judicially waive Petitioner's failure to exhaust administrative remedies.  In support of this request, Respondent contends that a majority of courts within this District have concluded that a futility exception is not available in § 2241 cases.  As explained in its Order of July 6, 2007, however, the Court is well aware of the split in this District concerning whether the exhaustion requirement in § 2241 cases is subject to judicial waiver.  (See Order Jul. 6, 2007 [12], at 18 n.4.)  After considering the reasoning expressed in those decisions and the arguments of the parties, the Court concluded that the administrative exhaustion requirement in habeas actions brought under § 2241

3

is not a limitation on the Court's subject matter jurisdiction because it is judicially created; it thus may be judicially waived. (Id. at 18-28.) Because Respondent's Motion for Reconsideration presents nothing more than a headcount of the decisions in this district that have held otherwise, and recasts previously rejected arguments, the Court declines to reconsider that portion of its Order.

Respondent also requests that this Court clarify that the scope of the injunction issued in this case applies solely to Petitioner. In its Order of July 6, 2007, the Court "enjoin[ed] further enforcement of 28 C.F.R. § 570.21(a)." (See id. at 52.) As Respondent correctly states, however, "[a] district court is not bound by another district court's decision, or even an opinion by another judge of the same district court. . . ." Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991). Insofar as Respondent seeks clarification that the injunctive relief awarded in this case applies to Petitioner only, that clarification is granted. The relief granted in this habeas action applies only to Petitioner.[1]

---

[1] The Court notes, however, that Petitioner has facially challenged the validity of 28 C.F.R. § 570.21(a). In addition to this Court and other district courts, four circuit courts of appeals have held the rule invalid for similar reasons. See Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007), Levine v. Apker, 455 F.3d 71 (2d Cir. 2006), Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), and Woodall v. Federal Bureau of Prisons, 432

AO 72A
(Rev.8/82)

## Conclusion

For the foregoing reasons, Respondent's Motion for Reconsideration, which the Court in part construes as a Motion for Clarification is **GRANTED in part and DENIED in part**.  It is granted insofar as it seeks clarification that the injunction issued in this case applies only to Petitioner.  It is denied insofar as it seeks reconsideration of this Court's Order of July 6, 2007.

**SO ORDERED** this  24th  day of July, 2007.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

F.3d 235 (3d Cir. 2005).  Thus, while "[i]t is clear, of course, that an agency of the United States is not required to accept an adverse determination by one circuit court of appeals as binding throughout the United States . . . there would seem to be some point when the Government should stop trying to treat citizens differently in different circuits and repair to the Congress for an implementation of its position, if indeed the governmental agency has correctly asserted the legislative position."  State of Ga. Dept. of Med. Assistance v. Bowen, 846 F.2d 708, 711 (11th Cir. 1988).

AO 72A
(Rev.8/82)