**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DEVON A JONES,                         :
                                       :
     Petitioner,                 :
                                       :
v.                                     :        CIVIL ACTION NO.
                                       :        1:06-CV-2594-RWS
LOREN GRAYER, Warden,                  :
                                       :
     Respondent.                 :


## <u>ORDER</u>

This case comes before the Court on Petitioner's Motion for

Reconsideration [32], Petitioner's Motion for Subpoena Duces Tecum [33],

Petitioner's Motion for Leave to Supplement the Record [37], and Petitioner's

Motion to Appeal *in Forma Pauperis* [42].  As an initial matter, Petitioner's

Motion for Leave to Supplement the Record [37] is **GRANTED**.  After

reviewing the entire record, the Court enters the following Order.

**I.      Motion for Reconsideration**

Petitioner moves for reconsideration of this Court's Order of October 9,

2007 [31], which denied Petitioner's Motion to Compel and Petitioner's Motion

for Contempt.  Petitioner contends that, by applying the five factors listed in 18

U.S.C. § 3421(b) and designating him to a Residential Reentry Center ("RRC") for 45 days instead of 51 days, Respondent gave a "crafty response," and, in any event, "is in defiance" of the enabling statute, 18 U.S.C. § 3624(c), because the 45 days he was recommended to spend in an RRC accounts for less than ten percent of his net sentence of 540 days.  (Pet.'s Mot. for Recons. [32] at 1-2.) Thus, he concludes, this Court should reconsider its previous decision, find Respondent in contempt, and order Respondent to reconsider Petitioner for immediate placement in an RRC.

After considering the record, the Court declines to reconsider its Order of October 9, 2007.  As the Court has previously concluded, the Affidavit [30] submitted by Respondent demonstrates that the Bureau of Prisons ("BOP") complied with its obligation to consider the five factors listed in 18 U.S.C. § 3421(b) by individually determining the Petitioner's RRC placement date. Moreover, the Court holds that, contrary to Petitioner's assertion, 18 U.S.C. § 3624(c) does not mandate that the BOP place Petitioner in an RRC for the last ten percent of the term of his incarceration.  To the contrary, Section 3624(c) requires only that the BOP, "*to the extent practicable*, assure that a prisoner . . . spends a *reasonable part* of the last 10 per centum of the term served" in an RRC or its equivalent.  18 U.S.C. § 3624(c) (emphasis added).  Because 45

AO 72A
(Rev.8/82)

days constitutes a "reasonable part" of the last ten percent of Petitioner's total term to be served (approximately 54 days), the Court finds that Respondent acted in compliance with 18 U.S.C. § 3624(c) in determining Petitioner's placement date.

For these reasons, Petitioner's Motion for Reconsideration is **DENIED**.

## II.     Motion For Subpoena Duces Tecum

Petitioner moves to compel the BOP to produce a record of the number of beds available at the Dismas Charity Residential Reentry Center, apparently in order to challenge the reasonableness of the BOP's consideration of the five factors listed in 18 U.S.C. § 3421(b).  For the reasons provided below, the Court declines to allow Petitioner the post-judgment discovery he requests.

This is an action for habeas relief, in which Petitioner sought two very discrete remedies: the invalidation of 28 C.F.R. § 570.21 (the "RRC Placement Rule") and a court order requiring the BOP to individually consider Petitioner, pursuant to the five factors listed in 18 U.S.C. § 3421(b), for placement in an RRC.  In its Order of July 6, 2007 [12], the Court explained that this action could proceed under 28 U.S.C. § 2241—without exhaustion of administrative remedies—because of the limited scope of the relief requested and because Petitioner's administrative challenge to the RRC Placement Rule would have

3

been futile.  See Jones v. Zenk, 495 F. Supp. 2d 1289, 1292-1300 (N.D. Ga.

2007).  After waiving the administrative exhaustion requirement, the Court

entertained this action and awarded Petitioner the discrete relief requested.  The

Court invalidated the RRC Placement Rule and ordered Respondent to

individually consider Petitioner for placement in an RRC.  Id. at 1300-10.

By previous Order, the Court has found as a matter of fact that

Respondent has done so, and complied with its obligation under 18 U.S.C. §

3421(b) and this Court's prior Orders.  (See Order of Oct. 9, 2007 [31], at 2.)

Now, in requesting discovery concerning the reasonableness of the BOP's

individualized placement decision, Petitioner seeks to expand the scope of this

litigation to challenge whether the BOP's consideration was

reasonable—presumably under the Administrative Procedure Act.  Yet, he has

failed to exhaust administrative remedies, as he would normally be required to

do, before seeking such relief.  See Skinner v. Wiley, 355 F.3d 1293, 1295

(11th Cir. 2004); see also Jones, 495 F. Supp. 2d at 1298-1300.

Although the Court recognizes the limited time frame Petitioner faces

before his efforts are rendered moot by his release from prison, the Court

concludes that Petitioner must first exhaust administrative remedies before

seeking court review of the reasonableness of the BOP's individualized

placement decision.  Imposing an administrative exhaustion requirement in this circumstance—unlike requiring him to administratively challenge a predetermined regulation promulgated by the Attorney General—would not be "to demand a futile act."  See McCarthy v. Madigan, 503 U.S. 140, 148, 144 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) (citations and quotations omitted).  Because Petitioner has failed to exhaust administrative remedies, the Court declines to entertain any challenge to the reasonableness of the BOP's placement decision,[1] and it declines to order post-judgment discovery in support of such an effort.

For these reasons, Petitioner's Motion for a Petitioner's Motion for Subpoena Duces Tecum [33] is **DENIED**.

## III.    Petitioner's Motion for Leave to Proceed *in Forma Pauperis*

As a final matter, Petitioner seeks leave to proceed *in forma pauperis* on appeal.  For the reasons that follow, the Court declines to grant Petitioner such leave.

### A.    Legal Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. §

---

[1] After exhausting administrative remedies, Petitioner may elect to file a new action challenging the BOP's individualized placement decision.  The Court takes no position on the merits of or the Court's jurisdiction over such an action.

AO 72A
(Rev.8/82)

1915 and Federal Rule of Appellate Procedure 24.  In pertinent part, § 1915

provides:

> (a)(1)  [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915.

> Similarly, Federal Rule of Appellate Procedure 24 provides:
>
> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> . . .
>
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

AO 72A
(Rev.8/82)

F<small>ED</small>. R. A<small>PP</small>. P. 24.

Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*.  First, the party must show an inability to pay.  Second, the appeal must be brought in good faith.

### B.      Inability to Pay

Petitioner has submitted an affidavit demonstrating his inability to pay the filing fee required for an appeal.  Having reviewed that filing, the Court finds that he has made the requisite showing.  The Court therefore turns to examine whether Petitioner has satisfied the good faith requirement.

### C.      Good Faith Requirement

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); F<small>ED</small>. R. A<small>PP</small>. P. 24(3).  A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  See Neitzke v.

7

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Stated differently, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means capable of being convincingly argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).  Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.  See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Although Petitioner has failed to submit a statement of issues he intends to appeal, it appears that Petitioner seeks to appeal this Court's Order of October 9, 2007 [31], finding that the BOP acted in compliance with its obligations to consider the five factors listed in 18 U.S.C. § 3421(b).  But Petitioner does not dispute that the BOP considered the five factors in determining his placement date, and thus complied with this Court's Order. Instead, Petitioner seeks now to challenge the reasonableness of the BOP's consideration, which is a matter not at issue in this litigation.  Thus, the Court is unable to perceive any good faith basis for Petitioner's appeal.

8

Accordingly, Plaintiff's Motion to Appeal *in forma pauperis* [47] is **DENIED**, and the Court **CERTIFIES** that the appeal is not taken in good faith.

### Conclusion

For the foregoing reasons, Petitioner's Motion for Reconsideration [32] is **DENIED**.  Petitioner's Motion for Subpoena Duces Tecum [33] is **DENIED**. Petitioner's Motion for Leave to Supplement the Record [37] is **GRANTED**. Petitioner's Motion to Appeal *in Forma Pauperis* [42] is **DENIED**, and the Court **CERTIFIES** that the appeal is not taken in good faith.

**SO ORDERED**, this  30th  day of November, 2007.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)